UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIONYS RIVAS,

        Petitioner,

        v.

UNITED STATES ATTORNEY
GENERAL, et al.,

        Respondents.

Civil Action No. 11-6167 (PGS)

**MEMORANDUM OPINION**

**APPEARANCES:**

Petitioner <u>pro se</u>
Dionys Rivas
Garden State Youth Correctional Facility
P.O. Box 11401
Highbridge Road
Yardville, NJ 08620

**SHERIDAN**, District Judge

    Petitioner Dionys Rivas, a prisoner confined at Garden State Youth Correctional Facility in Yardville, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking an order for his release under supervision, from an immigration detainer, immediately upon his upcoming release from his present criminal confinement.

    The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to

proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a).

Petitioner submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1); however, the application is incomplete and unsigned and does not include the required institutional account information, certified by an authorized officer of the institution, as required by Local Civil Rule 81.2(b).

## CONCLUSION

For the reasons set forth above, Petitioner's application for leave to proceed in forma pauperis will be denied [without prejudice and the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.

Petitioner will be granted leave to move to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

                                                          */s/ Peter G. Sheridan*
                                                          Peter G. Sheridan
                                                          United States District Judge

Dated: